### No. 12,687.

### STATE EX REL. P. ST. AMAND ᴠs. BANK OF COMMERCE.

A tax assessed against money in possession of the liquidators of an insolvent bank is neither illegal nor unconstitutional, as it comes within the designation of both the Constitution and revenue law as property which is subject to taxation.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

---

Clegg & Quintero and Chas. J. Théard for Liquidators of the Bank of Commerce, Appellee.

---

Samuel J. Gilmore, City Attorney, and W. B. Sommerville, Assistant City Attorney, for City of New Orleans, Opponent, Appellant.

Submitted on briefs March 22, 1898.

Opinion handed down April 4, 1898.

The opinion of the court was delivered by

WATKINS, J. This appeal is prosecuted by the city of New Orleans from a judgment dismissing its opposition to an account filed by the liquidators of the Bank of Commerce, proposing to distribute among the privileged and ordinary creditors thereof the sum of one hundred and ten thousand five hundred and eighty-nine dollars and eighty-seven cents, the claim of the city being for the sum of four hundred dollars taxes, with first lien and privilege upon the funds in the hands of the liquidators.

The amount claimed was not entered upon the account, and the demand of the city is that it shonld be placed thereon, and paid by preference.

From the tax bill in evidence it appears that the assessment was made for the year 1897 of twenty thousand dollars, of "money in possession" of the liquidators of the Bank of Commerce.

On the trial of the opposition it was agreed by counsel that the case was to be submitted and tried solely upon the question of the legality and constitutionality of the tax; and on the submission the judge a quo held that the tax was illegal, and dismissed the opposition of the city.

The city attorney applied for a new trial, and same was refused; and in the course of his reasons for judgment the judge a quo, among other things, said that in his opinion the "contention of the liquidators of the bank is correct; that the money in their hands is there as officers of this court, which is a department of government, and property in possession of the government is not liable to taxation."

In the brief of counsel for the liquidators, the position is taken, that the assessors have assessed "money in possession" of the Bank of Commerce, notwithstanding it is no longer in existence, its charter having been forfeited ,by a judgment, and liquidators appointed "to collect the assets and distribute them among the creditors."

"That the stock of the bank has been completely wiped out, and whatever money comes into the hands of the liquidators is the prop-erty of the depositors.

" In addition to the reasons given by the judge *a quo* for declaring the assessment and tax illegal and unconstitutional, it is submitted, that the effort of the city to assess and tax *moneys belonging to the depositors of a bank* is clearly an attempt at *double taxation*."

In our opinion neither position is at all tenable.

The paramount law declares, that " all property shall be taxed." Constitution, Art. 203.

Another articles enumerates certain exemptions from property taxation, but "money in possession " of neither individual nor bank is found within its designation. Art. 207.

The terms of the revenue statutes just as imperatively require that " all property situated within the State of Louisiana " shall be taxed. Sec. 1, Act 85 of 1888.

A more recent statute provides in terms that "all property held, controlled, or administered in each separate capacity as president, cashier, treasurer, *liquidator*, assignee, master, superintendent, manager, sequestrator, *receiver*, trustee, stockholder, *depository*, warehouseman, keeper, curator, tutor, executor, administrator, legatee, heir, beneficiary, father, agent, attorney, usufructuary, mandatory, *fiduciary, or official capacity*," shall be taxed. Sec. 1, Act 106 of 1890.

The moneys in the hands of the liquidators were realized by them from collections, and are in no sense deposits; but if they were deposits, same would become *eo instanti* property of the *bank*, of which the depositors would be creditors merely.

The account of the liquidators shows that there is a large sum in their hands ready for distribution among the depositors of the defunct bank as creditors.

Forsooth, that the liquidators are, in a qualified sense, officers of the court, does not, in our opinion, shield the funds in their hands from taxation.

Neither the charge of illegality or unconstitutionality of the tax is, in our view, sustainable. The judgment appealed from must be reversed.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered that the liquidators amend and so restate their account as to include the amount of the tax claimed with interest, and that all costs be taxed against the bank in liquidation.

NICHOLLS, C. J., recused.